STATE *v.* BLAISDELL.

The plea of once in jeopardy is not sustained by proof of a former trial of the same indictment, with a verdict of guilty set aside, on motion of the defendant, for misconduct of a juror.

In an indictment for perjury, with an averment of false testimony, containing many facts, and a separate assignment of perjury upon each fact, it is sufficient if proof be made of a single fact of the false testimony upon which there is an assignment of perjury.

An authenticated copy of the record of a superior court of another state, of conviction and sentence for crime, is conclusive evidence of the judgment of conviction and sentence, and *prima facie* evidence of jurisdiction.

A verdict will not be set aside because a witness has been admitted to testify to proceedings which he has observed in court, and proof of which by record had been introduced.

Evidence, though incompetent for other purposes, may, under instructions of the court, be admitted to indentify objects, and the time when a thing was done.

INDICTMENT for perjury. The indictment alleges that the respondent was tried before a justice of the peace, November 14, 1878, on a complaint for libel ; that the respondent was sworn, and testified in his own behalf; that it became a material question whether the respondent had committed the crime of larceny of seven books from the store of one Bird, in Boston, Mass.; whether he had been arraigned therefor before the municipal court of Boston ; whether he pleaded guilty to said crime ; whether he took an appeal to the superior court for Suffolk county; whether he was ordered to recognize with sufficient sureties to prosecute said appeal; whether he was set at the bar of the superior court, and was sentenced to pay a fine and costs ; and whether said fine and costs were paid.

It was averred that the testimony given by the respondent was wilfully and corruptly false in each particular, and that the contrary was true, and a separate assignment of perjury was made upon each fact of false testimony.

The respondent pleaded a former trial, failure of verdict without fault or consent of his own, and once in jeopardy. The state replied, denying that the respondent had been once in jeopardy, and that no verdict was rendered, and alleged a final verdict of guilty, which, on motion of the respondent, was set aside by reason of the misconduct of a juror. Demurrer to the replication was overruled, and the respondent excepted.

The solicitor, in opening to the jury, stated that the state would confine its evidence to two of the assignments of perjury, to wit,

that the respondent testified at the trial, November 14, 1878, that he did not steal any books from the store of Bird, and that he did not plead guilty when arraigned in the municipal court of Boston. The respondent thereupon moved to quash the indictment, upon the ground that there is no allegation that those two assignments of perjury were a material question at the trial before the magistrate. Motion denied, and the respondent excepted.

The state offered a certified copy of the record of the superior court for Suffolk county, Massachusetts, attested by the clerk under the seal of the court, with the certificate annexed of the chief-justice certifying to the genuineness of the clerk's signature and that he had the custody and control of the records of said court, and that full faith and credit ought to be given to his attestation. The record was received, to which the respondent excepted, because,—1, the certificate is not sufficient; 2, the record is irrelevant and incompetent; 3, there is no evidence that the superior court had jurisdiction of this class of offences.

The state called James R. Wood to prove the larceny of the books. The respondent objected to the state's putting in any evidence to contradict or sustain the record of the superior court; also that such evidence is not competent. The evidence was received, and the respondent excepted. Wood was also permitted to testify that he was present at the trial of the respondent, and that he was convicted and sentenced in the municipal court; that he took an appeal, and was sentenced in the superior court; that he had often observed the proceedings in that court, and it had jurisdiction of the offence. To this evidence the respondent excepted.

The respondent called his wife as a witness, who testified that she was in Boston when he was tried, but not when he was arrested; that she remembered when he left home, at the time he was arrested, and that he took with him the same overcoat that was exhibited to the jury by the respondent as the one he wore at the time of his arrest.

Wood had testified that he saw the respondent secrete a book in each of the four pockets; and the respondent contended that Wood's testimony was not true, because the pockets were not large enough to receive books of the size described by Wood. Upon cross-examination, Mrs. Blaisdell testified that she was in Boston when he was tried last February. Upon being inquired of what he was tried for in February last, she replied, for stealing. The respondent then objected to any further inquiries being made as to any trial last February.

For the purpose of identifying the time that she was in Boston, and for the purpose of testing her memory as to the time when the respondent wore the overcoat which he claimed he wore when he was arrested, the witness testified further, in response to question from counsel for the state (the respondent excepting), as follows: "I think I was in Boston when he was tried for stealing

books from Bird. I can't tell when it was. I think it was before last February. I was in Boston in court last February. I am quite sure it was before last February he was tried for stealing the books." (At the time the respondent was sentenced in the superior court, he introduced evidence as to his previous good character. This was spoken of several times during the present trial as the trial of the respondent in Boston for the larceny of the books.) The evidence excepted to was received for no other purpose than that above named, and the jury were instructed to consider it for no other purpose.

The jury returned a verdict of guilty, which the respondent moved to set aside, and in arrest of judgment.

*T. J. Smith* (with whom were *Eaton* and *Pitman*), for the respondent.

The *Attorney-General, Solicitor*, and *Copeland*, for the State.

ALLEN, J.  I. The verdict was set aside, on motion of the respondent, for the misconduct of a juror. The trial was illegal and went for nothing, and the second trial was not a second jeopardy. *State* v. *Prescott*, 7 N. H. 287.

II. The respondent moved to quash the indictment, because it contained no distinct allegation that the assignments of perjury relied upon by the state were material questions at the trial before the magistrate where the perjury was committed. It is conceded that the indictment on its face, as it reads, is sufficient. It alleges that at the trial a certain question became material, reciting a large number of particular facts. Each fact is made a special assignment of perjury by an averment that each was testified to, and that the contrary in each case was true. Upon opening the trial the state's counsel gave notice that he should rely and offer proof only upon two of the assignments of perjury. The motion to quash was then made.

Admitting the indictment to be good, the motion to quash was not appropriate to meet the supposed defect. The claim was, that the materiality of the respondent's testimony before the magistrate was alleged in one entire averment, and that the several assignments of perjury could only be read and considered as one entire assignment, the whole of which must be proved; and if there were several distinct assignments, then the particular ones, selected by the state to try, were not distinctly alleged to have been material questions at the trial before the magistrate. If the assignments of perjury constituted one entire averment, the whole of which must be proved, and the state declared its purpose to prove only a part, then a motion that a verdict of acquittal be directed because of a failure to prove the indictment would have been appropriate. The motion to quash could not prevail for want of proof, but only for defect in the indictment.

But proof of the special assignments of perjury selected by the state's counsel was sufficient.    Where the perjury is set out in one entire averment, the whole must be proved.    But where there are several distinct assignments of perjury, proof of any one is sufficient.    *State* v. *Hascall*, 6 N. H. 352.    The averment of the materiality of the false testimony embraced numerous particulars, upon each of which a distinct assignment of perjury was made, and amongst them were those selected and relied upon by the state. Proof of these was sufficient for conviction.    *Com.* v. *Johns*, 6 Gray 274.

III.  The certificate of the chief-justice of the superior court for Suffolk county, Massachusetts, to the attestation of the clerk certifying the record, recited facts enough to show a due form of attestation, and was sufficient.    The record was evidence of the rendition of the judgment, and of all the proceedings leading to the judgment.    One of those proceedings was the defendant's plea of guilty, upon which fact one of the assignments of perjury relied upon by the state was made; and upon this point the record was competent and material evidence.    *Downer* v. *Shaw*, 22 N. H. 281; 1 Gr. Ev. 538.    The jurisdiction of the superior court sufficiently appeared from the recital of the proceedings in the record, and the testimony of the witness who had observed the course of procedure in court.    *Wingate* v. *Haywood*, 40 N. H. 437.    The record was properly admitted.

IV.  James R. Wood testified to the larceny of the books.    The testimony was not in aid of nor to contradict the record, but was substantive testimony on the question of the defendant's larceny, which was one of the matters of perjury assigned by the state; and the testimony was material and competent.    The witness's evidence of the proceedings in the superior court affirmed the recitals in the record, and if not necessary, because the record was the best evidence, were at the worst merely immaterial, and could not have harmed the defendant.    The exception to this evidence cannot prevail.

V.  The cross-examination of the defendant's wife, for the purpose of fixing the time she was in Boston and of testing her recollection of the time when her husband wore the overcoat, did not exceed the reasonable latitude which the court, in its discretion, might allow.    For the purpose of fixing dates the attention of the witness may always be called to particular and prominent events; and the event of the trial of her husband on a criminal charge was one that was likely to make an impression on her memory of the time, place, and circumstances attending it.    The limitation of the evidence by the court to the question of time alone was sufficient to prevent any wrong to the defendant.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.